Cummings v. Bartlett                    CV-94-183-SD  05/18/98
                  UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEW HAMPSHIRE

Mary Lou Cummings

_____v.                              Civil No. 94-183-SD

Warren A. Bartlett


                            O R D E R

     This order addresses the issues raised by certain pending
pretrial motions.

1.  Plaintiff's Motion In Limine (document 47)

     In this case of recovered memory of sexual abuse, the
plaintiff alleges that the abuse which occurred in the years
1972-1978 was first brought to the fore of her mind by a certain
1992 telephone call from her mother.  In this call, plaintiff's
mother told plaintiff that plaintiff's sister, Cheryl Cummings
Bucklin, had revealed that she had been sexually abused by the
defendant.  This revelation between daughter and mother occurred
while they were making a hospital visit to Gail Cummings, another
sister of plaintiff.

     In turn, it appears that this hospital visit was brought
about by an attempt at suicide on the part of Gail Cummings.
Without further detailing the circumstances of this suicide
attempt, plaintiff moves to exclude any testimony as to the

hospitalization of Gail Cummings on the grounds of nonrelevancy, Rule 402, Fed. R. Evid.,[1] and unfair prejudice, Rule 403, Fed. R. Evid.[2]

Such conclusory allegations are insufficient for the court to rely upon in attempting to rule on the limitation of evidence requested.  Accordingly, the motion must be denied as to the circumstances surrounding the hospitalization of Gail Cummings without prejudice to the right of plaintiff to renew said motion on furnishing the court with sufficient details so that the court might properly rule on the limitation of the evidence as to such hospitalization.

Cheryl Cummings Bucklin is apparently prepared to testify as to the circumstances of her own sexual abuse at the hands of the defendant.  However, it appears that, in the course of her

---

[1]Federal Rule of Evidence 402 provides:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority.  Evidence which is not relevant is not admissible.

[2]Federal Rule of Evidence 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

deposition, Bucklin revealed that she had been the victim of an abduction and an attempted rape in 1989 and had been hospitalized for depression.[3]

This absence of further details again forces the court to here rule that it is not in a position to properly decide the issue as to whether testimony as to Bucklin's abduction, attempted rape, and depression should be barred for nonrelevance and unfair prejudice. While Bucklin will be permitted to testify as to her allegations of sexual abuse by the defendant, that part of her motion which seeks exclusion of those incidents above referred to must be denied without prejudice to plaintiff's right to renew same upon furnishing the court with sufficient details to allow it to logically make a ruling.

The court has reviewed the affidavit of Elizabeth Pecze Bennett, who also claims to have been sexually abused by the defendant. The motion will be granted insofar as Ms. Bennett will be allowed to testify as to these incidents of sexual abuse.

In short, plaintiff's motion is denied without prejudice to plaintiff's right to renew same upon furnishing the court with sufficient background details to allow it to rule with respect to

---

[3]The motion does not identify Bucklin's alleged assailant or the time, places, and circumstances of the attack apart from a conclusory assertion that the assailant was "an unrelated third party." Document 47, at 3.

the hospitalization of Gail Cummings and the above referred to incidents concerning Cheryl Cummings Bucklin.  The motion is granted with respect to testimony by Bucklin and Elizabeth Bennett concerning their allegations of sexual abuse by the defendant.


2.  Plaintiff's Motion to Exclude Witnesses (document 50)

This motion seeks to exclude the testimony of twelve witnesses listed by the defendant.

In an October 12, 1995, response to certain interrogatories served by plaintiff, defendant indicated that he was not then sure as to the identities of the witnesses he intended to call at trial.  To date, this answer to interrogatories has not been supplemented as required by Rule 26(e), Fed. R. Civ. P.[4]

In his initial final pretrial statement filed on March 25, 1996, defendant listed ten potential witnesses.  Of that group, four witnesses, Brewster Bartlett, Rebecca Crawford, Beverly

_____

[4]In general, Rule 26(e), Fed. R. Civ. P., requires that a party supplement discovery at appropriate intervals where the party learns that in some material respect the information disclosed to date is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.  This duty to supplement specifically includes amendment to a prior response to an interrogatory.

4

Dufour, and Bonnie Beyer have not been deposed nor has any supplementary information been provided as to their testimony.

In his "Supplement to Final Pretrial" filed April 30, 1998, defendant lists eighteen potential witnesses, eight of whom are not listed in the initial final pretrial statement. These latter witnesses are: Elizabeth Rowe, Lynn Andrews, Janet Roberts, Nancy Coleburn, Laurie (Morrell) Andrews, Carley Crawford, Frank Pecze, and Joyce Dimick.

Invoking Rule 37(c)(1), Fed. R. Civ. P.,[5] plaintiff moves to bar the witnesses hereinabove listed from testifying. The court concurs, and accordingly grants the motion. Defendant will be barred from seeking to present testimony from the twelve witnesses hereinabove listed.


3. Defendant's Motion In Limine Regarding Expert Testimony and Counseling Records (document 51)

By medium of this motion, defendant seeks to exclude testimony from plaintiff's psychological expert(s) to the effect that plaintiff (1) has been sexually abused (2) by the defendant and that (3) plaintiff's testimony in this regard is credible. With respect to barring of the opinion evidence as to whether

_____

[5]Rule 37(c)(1), Fed. R. Civ. P., bars from evidence at trial information that a party, without substantial justification, has failed to disclose as required by the rules of discovery.

5

abuse of plaintiff by defendant occurred, defendant relies on a New Hampshire case involving a psychological evaluation of a potentially abused child where, based on the record before it, the New Hampshire Supreme Court ruled that such opinion testimony was unreliable.  State v. Cressey, 137 N.H. 402, 628 A.2d 696 (1993).  As to credibility testimony, defendant relies on State v. Huard, 138 N.H. 256, 638 A.2d 787 (1994).

The court finds and rules that while none of plaintiff's experts will be permitted to testify at trial as to their opinion of plaintiff's credibility,[6] the remainder of the motion must be denied at this juncture because it is premature.

Rule 702, Fed. R. Evid.,[7] requires the court to apply a three-part test concerning the testimony of expert witnesses. Bogosian v. Mercedes-Benz of N.A., Inc., 104 F.3d 472, 476 (1st

---

[6]Testimony as to the credibility of the plaintiff would invade the province of the jury by vouching for plaintiff's credibility.  In any event, such testimony would be unhelpful to the jury since, of necessity, the expert's knowledge of the alleged abuse events is hearsay from plaintiff and perhaps others.  See Isely v. Capuchin Province, 877 F. Supp. 1055, 1067 (E.D. Mich. 1995).

[7]Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

6

Cir. 1997).  First, the court must determine whether the proposed expert is "qualified by knowledge, skill, experience, training, or education."  Id. (citations omitted).  Second, the court inquires if the proposed subject matter of the expert opinion properly concerns "scientific, technical, or other specialized knowledge."  Id.  Finally, the court assesses whether the testimony is helpful to the trier of fact; that is, whether it rests on a reliable foundation and is relevant to the facts of the case.  Id.

To properly rule upon the admissibility of the opinion testimony, the court must of necessity hear evidence directed to the above-outlined factors.  Only then will it be in a position to rule on whether or not such opinion testimony is admissible.

Accordingly, the motion is granted only to the extent that no witness will be allowed to testify as to the credibility of the plaintiff.  The remainder of the motion is denied without prejudice to the defendant's right to renew same after completion of the voir dire of the expert at trial.[8]

_____

[8]After the court had largely prepared this order, it received and accordingly reviewed plaintiff's objection to defendant's motion in limine.  Document 53.  As the court finds distinguishable the admission of testimony at the hearing on the issue of the statute of limitations from the testimony to be admitted at trial, it has issued this order accordingly.

7

## 4. Conclusion

For the reasons outlined the court has granted in part and denied in part (without prejudice to plaintiff's right to renew same) plaintiff's motion in limine (document 47). The court has granted plaintiff's motion to exclude witnesses (document 50). The court has granted in part and denied in part (without prejudice to defendant's right to renew same) defendant's motion in limine to exclude the testimony of plaintiff's expert witnesses (document 51).

It appears the case is now ready to proceed forward with jury selection on May 19, 1998, with actual trial to commence on May 26, 1998.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

May 18, 1998

cc:    Benette Pizzimenti, Esq.
       Matthew J. Lahey, Esq.

8